UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ABDUL ALI,  Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-4134 |
| KASEY KRAMER *et al.*,  Defendants. | ) ) ) ) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Abdul Ali, an inmate at Hill Correctional Center ("Hill"). Plaintiff also filed Motions for Status (Docs. 4, 7).

I.   **Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading lists the following Hill medical officials as Defendants: Nurse Practitioner Kasey Kramer, Nurse Jill Nelson, and Dr. Kurt Osmundson.

Plaintiff recalls that he missed his appointment to see an orthopedic physician for a shoulder injury that was causing him severe pain. Plaintiff asserts that Defendants Nelson and Osmundson refused to reschedule the referral, blaming him for the cancellation.

**C. Analysis**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)).

The Court concludes that the facts Plaintiff alleges are sufficient to state an Eighth Amendment deliberate indifference claim against Defendants Nelson and Osmundson. However, Plaintiff does not state a claim against Defendant Kramer for responding to an emergency grievance Plaintiff filed. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (concluding that it is an incorrect proposition of law to state that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself").

Plaintiff's Motions for Status (Docs. 4, 7) are moot with the entry of the Court's Order.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motions for Status (Docs. 4, 7) are MOOT.

2) According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Nelson and Osmundson. Plaintiff's claim against Defendants are in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) The Clerk of the Court is DIRECTED to terminate Kasey Kramer as a party.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response

to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED July 14, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE